Lipscojib, J.
We will not discuss the errors assigned in the order in which they were made. The defendant in the court below filed a demurrer to the
plaintiff’s petition,-and assigned special exceptions to support the same. It was overruled by the court, and we believe that in so doing the court below did not err. The exceptions taken are not supported by a reference to the petition, and the supposed defects in it do not exist.
The plaintiff's exceptions to the answer of the defendant were properly sustained, because they refer to parts of the defendant’s answer that contained no defense to the action.
There is no error in the construction given by the court ex mero motu to the letter of the defendant containing the proposition to purchase the- lots. And it is clear that it was accepted by the plaintiff. This is evidenced by the deed being forwarded to the defendant according to the terms of the proposition made by him ; and the letter of the plaintiff did not modify the terms; and the defendant did not act upon the terms of that letter; lie did not pay the plaintiff’s debt to Briggs & Yard. Whenever written evidence is offered to the jury, it is the province of the judge to charge the jury as to (.lie legal effect of such evidence, whether he is asked to do so or not. The account of Gold against the plaintiff", alleged by tiie defendant to be assigned to him and pleaded in reconvention, was properly ruled out, because the plea showed that it was barred by the statute of limitations. If this had not been the case, although it was not assignable at law, yet the assignment would have been sustained upon principles of equity, and could have" been set up in reconvention. But the statute of limitations is as valid in equity as it is at law. The objection to receiving the other claim of two hundred dollars in reconvention is clearly sustainable. The defendant by his plea shows that it was paid by him to compromise a difficulty in the title to file lots sold to him by the plaintiff, and lie does not show any authority from the plaintiff to pay one cent for the compromise, nor is there any evidence of his having sanctioned such payment. *222 Under such circumstances it was clearly a voluntary and an unauthorized, payment by the defendant, for which lie. could have no claim against the plaintiff. We can perceive no error in the judgment, and it is affirmed.
Note»- — Tho written argument of the counsel for the appellant in support of his application for a rt*hearing in this caso has been considered. We believe that the material part of it is based upon a mistaken hypothesis: “That the lots conveyed by the appellee wore to paya debt duo to tho appellant from appellee. and further to pay the amount of appellee’s indebtedness to Messrs. Briggs & Yard.” This was the proposition of the appellee as preferable to appellant’s proposition that he would take tho lots at the valuation of Mr. Merri-man. The appellee did not reject appellant’s proposition, but only expressed a preference. That this was not accepted by appellant is manifest from his receiving the deed from the appolloo and declining to pay Briggs & Yard, and his failure to do so was an election to hold onto his own proposition that the lots should be valued. We therefore adhere to tho opinion already expressed in affirming the judgment.
Lipscomb.
Judgment affirmed.